UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PATRICIA A. ROSS,**

        **Plaintiff,**

v.                                                                                                       Case No: 6:23-cv-1860-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 26)** |
| **FILED:** | **March 11, 2024** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

### I.    Background

Plaintiff has filed an opposed motion seeking an award for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 26 (the Motion). In the Motion, Plaintiff requests an award in the amount of $12,676.32 in EAJA fees and costs in the amount of $402.00 for the federal court filing fee. *Id.* Plaintiff requests that any order awarding fees and costs authorizes payment of that award directly to Plaintiff's counsel. *Id.* The Commissioner filed a response, in which the Commissioner argues that Plaintiff's proposed rate is excessive, that Plaintiff's billed hours should be reduced, and that Plaintiff should only receive $8,757.40. Doc. 27 (the Response). Plaintiff

has filed a reply to the Response and seeks additional compensation for drafting the reply. Doc. 30 (the Reply).

## II.     Standard

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

In determining the amount of the fee, courts use the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

"If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive,

redundant, or otherwise unnecessary." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th. Cir. 1999) (quotations omitted).  But in cases where the fee motion and supporting documents are voluminous, an hour-by-hour analysis by the court is not required, and the court may apply across-the-board percentage cuts in the number of hours so long as the court provides a concise but clear explanation of its reasons for the reduction. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

### III.  Discussion

#### A.  Entitlement to Fees

There is no dispute that Plaintiff is entitled to recover reasonable attorney fees.  Rather, the dispute lies in the reasonableness of all the hours Plaintiff's counsel billed in prosecuting this appeal.  Even so, the Court will consider the relevant factors.

##### 1.  **Prevailing Party**

At the Commissioner's request, the Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Docs. 20, 21.  The Supreme Court has made clear that a plaintiff obtaining a sentence four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).  Accordingly, the Court finds that Plaintiff is a prevailing party.

##### 2.  **Timely Application**

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).  A final judgment is defined as a judgment that "is final and not appealable." *Id*. at § 2412(d)(2)(G).  The Commissioner generally has 60 days in which to appeal, thus a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B).  A plaintiff then has 30 days in which to file the motion for EAJA fees.  Therefore, a

motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).

Judgment in this case was entered on February 6, 2024, and Plaintiff filed the Motion on March 11, 2024. Docs. 21, 26. Accordingly, the Court finds that the Motion is timely.

### 3. Claimant's Net Worth

Plaintiff states that Claimant had a net worth of less than $2 million when the complaint was filed. Doc. 26 at 1. This statement is uncontroverted. Accordingly, the Court finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving that the position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies the burden, the government's position will be deemed not substantially justified. In this case, the Commissioner only argues that the requested hourly rate is excessive and that the hours billed were unreasonable; the Commissioner does not argue that the government's position was substantially justified. *See* Doc. 27. Accordingly, the Court finds that the government's position was not substantially justified.

### 5. No Special Circumstances

The Court finds that no special circumstances would make an award of fees unjust. Based on the foregoing and the Commissioner's lack of opposition, the Court finds that Plaintiff is entitled to an award of EAJA fees.

**B. Reasonableness of the Fee Request**

The Court turns next to the reasonableness of the requested award. Plaintiff had two attorneys work on the appeal and requests an award based on a total of 51.70 hours worked for a total fee of $12,676.32. Doc. 26-4.[1] With respect to attorney Charles E. Binder (Attorney Binder), Plaintiff seeks compensation for 4.50 hours of the work performed. *Id.* As for attorney Gabrielle B. Saint Charles (Attorney Saint Charles), Plaintiff requests compensation for a total of 47.20 hours. *Id.*

In general, the Commissioner argues that the Middle District of Florida has recognized that more than 30 hours is unusual to spend on a Social Security case and the hours claimed in this case are clearly excessive. Doc. 27 at 4. Indeed, "in this District, 'an award in excess of thirty hours is uncommon.'" *Davis v. Comm'r of Soc. Sec.*, 2022 WL 22445247, at *2 (M.D. Fla. Aug. 29, 2022), *report and recommendation adopted by*, 2024 WL 516691 (M.D. Fla. Feb. 9, 2024) (quoting *Huntley v. Comm'r of Soc. Sec.*, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013)); *Tumlin v. Comm'r of Soc. Sec.*, 2021 WL 4261216, at *1 (M.D. Fla. Sep. 20, 2021).

Plaintiff attempts to distinguish the cases finding that an award in excess of 30 hours is unreasonable. Doc. 30 at 2-4. Plaintiff notes that the record in this case is 3,207 pages and that Plaintiff initially drafted a 56-page brief that was condensed to 35 pages to comply with an order of the Court. *Id.* Plaintiff argues that the court in *Huntley* found it appropriate for counsel to bill 32.6 hours on a case involving a 340-page record and a 20-page brief. *Id.* Plaintiff further notes that the transcript in *Tumlin* was 500 pages and the court found that counsel reasonably expended 29 hours on the brief. However, in the present case, Plaintiff is requesting an award well in excess

---

[1] Plaintiff's request for compensation of the time spent on the Reply will be addressed separately. *See* Doc. 30.

- 5 -

of those cases and fails to provide support for the proposition that the length of the record, or the brief, allows for the recovery of over 50 hours.

Instructively, the Commissioner points to a case in which a court in this district found a request for 46.9 hours was unreasonable even though the transcript was 5,500 pages. Doc. 27 at 6, citing *O'Neill v. Comm'r of Soc. Sec.*, 2021 WL 1929736, at *3-4 (M.D. Fla. Apr. 13, 2021), *report and recommendation adopted by* 2021 WL 1925545 (M.D. Fla. May 13, 2021). Plaintiff attempts to distinguish *O'Neill* by noting that the brief in that case was 25 pages, whereas here, Plaintiff's brief was 36 pages. *See* Doc. 13.

Here, Attorney Saint Charles spent 47.2 hours on this case, with 44.8 of those hours spent just on reviewing the administrative record, organizing the facts, and drafting and editing the brief. Doc. 26-4. Plaintiff cites to nothing that convinces the Court that the vast quantity of hours is justified. Plaintiff's main justification for the requested hours is a large transcript, but Plaintiff cites no case law supporting the proposition that a large transcript justifies an award exceeding 40, let alone 50, hours. Likewise, Plaintiff argues that the length of the brief justifies the requested award and notes that counsel expended approximately 1.05 hours per page drafted.[2] Doc. 30 at 3. While Plaintiff points to cases outside of this district awarding fees that amount to more than 1.05 hours per page, Plaintiff cites no law supporting the contention that the Court should take into account how long counsel spent drafting each page of the brief. In fact, as the Commissioner notes, the case law in this district demonstrates that even objectively lengthy briefs do not warrant the hours requested when Plaintiff's counsel is experienced in Social Security appeals and the brief

---

[2] To the extent counsel makes this calculation by reference to excess pages not submitted to the Court, there is no basis for this request or calculation. Those excess pages were neither authorized by the Court nor necessary to Plaintiff's recovery here. Indeed, an attempt to recover for unnecessary and unauthorized briefing shows a lack of billing judgment.

did not raise any novel issues of law. *See, e.g.*, *Lucas-Williamson v. Saul*, 2019 WL 6792458, at *1 (M.D. Fla. Nov. 6, 2019), *report and recommendation adopted by* 2019 WL 6770084 (M.D. Fla. Dec. 12, 2019) (finding 41.9 hours spent on a 40-page brief on six non-novel issues excessive); *Gaverick v. Comm'r of Soc. Sec.*, 2017 WL 1838483, at *4 (M.D. Fla. May 8, 2017) (finding 41.60 hours spent on a 34-page brief was excessive in light of counsel's experience and the lack of novel issues raised). Plaintiff fails to argue that any novel issues were present in this case that warranted an increased expenditure of time on briefing; in fact, Plaintiff raised three common issues concerning the treatment of medical opinions, the evaluation of subjective complaints, and a brief argument concerning *Lucia v. SEC*. *See* Doc. 13.

Further, the vast majority of Attorney Saint Charles's billed time—39.8 of her 47.2 hours—is captured in seven blocks over five days:

- 11/28/2023 GBS Start drafting statement of facts 8.60
- 11/29/2023 GBS Finish drafting statement of facts 8.40
- 11/30/2023 GBS Start argument re: medical opinions 9.00
- 12/01/2023 GBS Finish argument on medical opinions 7.70
- 12/02/2023 GBS Draft argument on subjective statements 1.80
- [12/02/2023 GBS] Draft argument re: assignment of ALJ after remand 4.30

Doc. 26-4. Block billing makes review of bills unnecessarily difficult and "warrants reduction of the number of hours claimed in the attorneys' fee motion." *See Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377-78 (M.D. Fla. 2010) (citations and internal quotations omitted). Here, Attorney Saint Charles spent 4 hours reviewing the transcript and organizing her notes, and then spent 17 hours drafting the statement of facts. The statement of facts submitted to the Court was 10 pages long. Doc 13 at 2-12. Those block-billed entries provide little justification supporting

what was actually submitted to the Court. Even if the Court used counsel's estimate of 1.05 hours per page—and the Court is not agreeing this is an appropriate estimate—recovery for the statement of facts submitted by the Court should be 10.5 hours, not 17. Similarly, Attorney Saint Charles billed 16.7 hours of time in two blocks under the description "argument [re: / on] medical opinions." In the submitted brief, this section encompasses approximately 16 pages of briefing, and many of those pages include block quotations and string citations of cases with parentheticals. Doc. 13 at 12-28. Further, much of that section repeats the medical opinions already contained in the statement of facts. *Compare* Doc. 13 at 2-12 *with* Doc. 13 at 12-28. While this redundancy is permitted, the recovery of block-billed attorney time for that redundancy in a fee request raises concerns. Here are some examples of comparisons between the Statement of Facts (SOF) and the Argument re Medical Opinions (AMO):

> FSFO: To this end, Dr. Benezette stated that his opinions are based on clinical evidence of restricted range of motion in the lumbar spine, spasms of the paravertebral muscles, and tenderness of the right ankle, as well as an MRI of the lumbar spine showing a herniated lumbar disc and x-rays of the right ankle (Tr. 718-719).
>
> AMO: Clinical findings included restricted range of motion in the lumbar spine, spasms of the paravertebral muscles, and tenderness of the right ankle. Id. Dr. Benezette also cited to an MRI of the lumbar spine performed on September 24, 2009 showing a herniated lumbar disc and x-rays of the right ankle that supported his assessment (Tr. 719).

*Compare* Doc. 13 at 4 *with* Doc. 13 at 14.

> SFO: Dr. Son based his findings on Ms. Ross' history, MRI findings of intervertebral disc disease, and a CT scan/MRI of the brain showing a cyst (Tr. 793). Her primary symptoms were depressive episodes with frequent panic attacks, low back pain radiating to the hips/thighs, and right-sided headaches. Id.
>
> AMO: Dr. Son stated that his opinions were based on MRI findings of intervertebral disc disease, a CT scan/MRI of the brain showing a cyst, depressive episodes with frequent panic attacks, low back pain radiating to the hips/thighs, and right-sided headaches (Tr. 793).

*Compare* Doc. 13 at 4 *with* Doc. 13 at 15-16.  The point here is not a criticism of the advocacy or legal strategy, but a criticism of the quantity of the block-billed hours requested when much of the 16-page argument section concerning medical opinions consists of block quotes, string cites with parentheticals, and restatements of the fact section.

Accordingly, Plaintiff has not met her burden of demonstrating that the hours expended by Attorney Saint Charles on reviewing the record, organizing the facts, and drafting the brief are reasonable.  Additionally, the Court notes that this case was remanded pursuant to an unopposed motion by the Commissioner; accordingly, the Court did not reach the merits of Plaintiff's brief.  What is clear, though, is that regardless of the merit of any given argument actually made and submitted to the Court and the Commissioner, the many pages that counsel cut from her initial brief were unnecessary to the victory in this case.

The Commissioner also opposes 0.40 hours billed to "[r]evise brief to comply with Court order."  Doc. 27 at 7, citing Doc. 26-4.  The Commissioner argues that this task was merely a result of counsel correcting her own error in believing the Court would allow her to file a 56-page brief.  *Id.*  In the Reply, Plaintiff merely states that "counsel did not commit an error by originally drafting a longer brief but reducing it to account for this Court's order only partially granting her page extension request."  Doc. 30 at 5.  Notably, Plaintiff does not provide any case law supporting the position that this time spent complying with a court order is compensable.  Accordingly, the Court finds that this time is not compensable under the EAJA.[3]  *See, e.g.*, *Mobely v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. June 14, 2000) (noting that "time devoted to correcting one's own errors should not be reimbursable); *see also Gibson v. Colvin*, 2013 WL 2422611, at *3 (S.D. Ga. June

---

[3] The remaining 2.0 hours of the 47.20 Plaintiff claims for Attorney Saint Charles' time is compensable.

3, 2013) ("[T]ime spent correcting unforced errors should not be compensated, nor should time spent asking for extensions necessitated by events beyond the Commissioner's control.").

Plaintiff claims an additional 4.50 hours billed by Attorney Binder for reviewing the file, dictating the complaint, and editing the brief. Doc. 26-4. The Commissioner objects to 0.20 hours billed to "[d]ictate letter to client re:appeal" and argues that this time is clerical in nature, and therefore not compensable. Doc. 30 at 7. While the Commissioner is correct that time spent on clerical tasks is considered a non-compensable overhead expense under the EAJA, *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002), courts have found that communications with a client are compensable attorney time. *See, e.g.*, *O'Neil v. Comm'r of Soc. Sec.*, 2022 WL 2916816, at *3 (M.D. Fla. July 25, 2022) (finding that time spent communicating with a client were non-clerical and compensable); *Clay v. Comm'r of Soc. Sec.*, 2021 WL 2646355, at *2 (S.D. Fla. June 28, 2021) (finding communications with a client to be appropriately billed as attorney time on a motion for EAJA fees). Therefore, the Court disagrees with the Commissioner and finds that the 0.20 hours spent dictating a letter to the client is compensable. And in the absence of any objection to the remaining 4.30 hours expended by Attorney Binder, the Court finds those hours reasonable and compensable under the EAJA.

The consideration of an attorney fee request when the records submitted to the Court are block billed is always fraught, especially when the Court determines that the request is excessive. Here, the Court will reduce Attorney Saint Charles time to 29.1 hours, a reduction of 18.1 hours that the Court finds unreasonable and not subject to recovery under the EAJA. This reduction is based on a review of the totality of the record before the Court. While it could be characterized as a percentage reduction, it is not intended as one. Specifically, the Court agrees with the Commissioner that the hours billed to revise the brief in compliance with the Court's order is not

recoverable **(a 0.4 hour reduction)**. The Court also finds that recovering 17 hours for drafting the statement of facts is excessive and should be reduced to 8 hours **(a 9.0 hour reduction)**. Similarly, the drafting of the argument section concerning medical opinions should be reduced from 16.7 hours to 8 hours **(an 8.7-hour reduction)**. These reductions are based on the totality of the circumstances described herein, as well as the Court's expertise and experience evaluating many EAJA requests in this context. In sum, the Court finds that no reduction of Attorney Binder's time is appropriate, but that a reduction of Attorney Saint Charles's time from 47.2 hours to 29.1 hours.

### C. The Reply Brief

The Court granted Plaintiff leave to file the Reply (Doc. 29) and Plaintiff seeks an additional 2.30 hours for time spent on reviewing the Commissioner's opposition and drafting the Reply. Doc. 30-2. The Court finds these hours reasonable and will incorporate them into the fee award. *See Dewees v. Comm'r of Soc. Sec.*, 2022 WL 1406667, at *5 (M.D. Fla. May 4, 2022) ("Fees for time spent preparing a reply to a response to an EAJA request are allowed.") (citations omitted). Accordingly, the total time at issue is 29.1 hours (Attorney Saint Charles's initial request) plus 4.5 hours (Attorney Binder's initial request) plus 2.3 hours (for the reply brief), which equals 35.9 hours.

### D. Hourly Rate

Although Plaintiff initially sought an hourly rate of $245.19 per hour (Doc. 26-3), following the Commissioner's opposition, Plaintiff conceded that the hourly rate for this case should be $244.62 per hour. Doc. 30 at 1.

"The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). Although both parties seemingly agree on the

$244.62 per hour rate, calculations of the cost-of-living adjustment using the CPA show that the average adjusted hourly rate for 2023 is $244.61.  *See Proffit v. Comm'r of Soc. Sec.*, 2024 WL 477001, at *2 n. 1 (M.D. Fla. Jan. 23, 2024), *report and recommendation adopted by* 2024 WL 474117 (M.D. Fla. Feb. 7, 2024).  Accordingly, the Court finds the appropriate hourly rate for this case to be $244.61 per hour.

### E. Costs

In addition to attorney fees, Plaintiff requests recovery of the $402.00 filing fee she paid to the Clerk of Court to initiate this action.  Doc. 26.  The Commissioner does not object to this request.

Costs under the EAJA, "including fees of the clerk, are reimbursed from the judgment fund administered by the Department of the Treasury, while attorney fees and expenses are paid by the Social Security Administration."  *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021), *report and recommendation adopted by* 2021 WL 4060304 (M.D. Fla. Sep. 7, 2021); *see also Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (finding that the plaintiff's filing fee was a compensable cost under the EAJA).  Accordingly, the $402.00 filing fee is recoverable under the EAJA as a cost to be paid from the judgment fund.  *See* 31 U.S.C. § 1304.

### F. Assignment

A plaintiff, not counsel, is generally entitled to receipt of an EAJA award.  *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  Plaintiff has attached an assignment of fees to the Motion.  Doc. 26-5.  However, to the extent that Plaintiff is asking the Court to order the Commissioner to honor the assignment of EAJA fees directly to her counsel, Plaintiff has not demonstrated that said assignment satisfies the Anti-Assignment Act because it was executed prior to the determination

of the EAJA award. *See Huntley*, 2013 WL 5970717, at *5; *Proffit*, 2024 WL 477001, at *3. Therefore, the Court declines to order the Government to honor such assignment, although the Government may exercise its discretion to do so.

## IV.   Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 26) is **GRANTED in part** to the extent that Plaintiff is awarded 35.9 hours for this appeal representing a total fee award of $8,781.50;

2. Plaintiff is awarded $402.00 in costs to be paid from the judgment fund;

3. If the government determines that Plaintiff does not owe a debt to the government, the government is permitted to honor Plaintiff's assignment; and

4. The remainder of the Motion (Doc. 26) is **DENIED** in all other respects.

**ORDERED** in Orlando, Florida on July 22, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 13 -